**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION**

| | |
|---|---|
| IN RE: | Case No. 17-16509 |
| **BARBARA J. JOHNSON** | Judge: Arthur I. Harris |
| Debtors | **OBJECTION TO BRIDGECREST CREDIT COMPANY'S PROOF OF CLAIM (CLAIM NO. 2)** |

Now comes Debtor, Barbara J. Johnson, by and through undersigned counsel, and respectfully objects, in part, to Bridgecrest Credit Company's ("Creditor") proof of claim (Claim No. 2).

On November 1, 2017, Debtor, Barbara J. Johnson, filed a voluntary petition for relief under Chapter 13. The Debtor's Amended Chapter 13 Plan proposes to pay $3,350.00 to the Trustee for a period of sixty (60) months. Within 910 days prior to the petition date, the Debtors and Bridgecrest Credit Company entered into a retail installment contract and security agreement for the purchase of a 2012 Dodge Grand Caravan by the Debtor. The Plan listed the debt owed to Bridgecrest Credit Company as $17651.00, and included payments to Bridgecrest Credit Company of $388.22 per month at 6.25% interest. Bridgecrest Credit Company filed a proof of claim in the amount of $17,747.15 at 22.95% interest. Debtors object to the interest rate claimed by the Creditor as excessive and request that this Honorable Court set forth a 6% interest rate pursuant to *Till v. SCS Credit Corp., 541 U.S. 465, 475, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004) (determining that calculating the proper interest rate under 11. U.S.C. §1325(a)(5)(B)(22) requires a formula approach that incorporates a "risk plus" analysis, that is, the prime interest rate adjusted for the risk of nonpayment).*

As of the effective date of BAPCPA on October 17, 2005, §1325(a)(5) is now qualified by an unnumbered, hanging paragraph located at the end of subsection (a), which provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim describe din that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910 day preceding the date of the filing of the petition, and the collateral for that debt

consists of a motor vehicle (as defined in section 20102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1 year period preceding that filing.

11 U.S.C. §1325(a) (2005). Since the Creditor has a purchase money security interest as described under state law, treatment is required as provided by the hanging paragraph.

Under the authority granted in § 1322(b)(2), a Chapter 13 Plan may "modify the rights of any creditor whose claim is secured by an interest in anything other than 'real property that is the debtor's principal residence.'" *Till, supra.* This power to modify is, of course, subject to the requirement of § 1325(a)(5) that the secured creditor receive the present value of its claim as of the petition date. In *Till,* the Supreme Court, considering §1325(a)(5) and the interest to be paid on a secured claim, held that payment of interest on the secured claim was proper at a current rate determined by an adjustment from prime rate based upon the risk of nonpayment. *Id.* at 478-79, 124 S.Ct. at 1961. The Supreme Court expressly rejected requiring the Chapter 13 Plan to propose payment of the secured claim at the contract rate of interest. The *Till* analysis is applicable to this case. In fact, this Court, in *In re Kemmery*, 516 B.R. 485 (Bankr. N.D. Ohio 2014), followed the holding in *Till,* and applied the Sixth Circuit's decision in *In re. Taranto*, 365 B.R. 85 (B.A.P. 6th Cir. 2007) to permit the debtor to adjust a creditor's claimed interest rate to the "prime plus" rate set forth in *Till*.

**WHEREFORE**, due to the excessive interest rate requested by the Creditor, Debtor objects to the Proof of Claim No. 2 filed by Bridgecrest Credit Company, and requests that the interest on this debt be paid at an interest rate of 6.25%.

Respectfully submitted,

/s/ *Jann C. Washington*
Jann C. Washington (0087239)
Of Counsel, Shamberg & Associates
5001 Mayfield Rd. Ste. 111
Lyndhurst, OH 44124
(216) 391-7111 F: (216) 391-8115
JannWashingtonEsq@gmail.com
Attorney for Debtors

## CERTIFICATE OF SERVICE

I certify that on March 2, 2018, a true and correct copy of the **OBJECTION TO BRIDGECREST CREDIT COMPANY'S PROOF OF CLAIM (CLAIM NO. 2)** was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

**Lauren Helbling,** Chapter 13 Trustee, at ch13trustee@ch13cleve.com

**US Trustee** at email address listed

**Daniel A. Cox**, Attorney for Bridgecrest Credit Company, at bankruptcy@woodlamping.com

And by regular US Mail, postage prepaid, upon:

**Barbara J. Johnson**
4227 Eastway Rd.
South Euclid, OH 44121

                                       /s/ *Jann C. Washington*
                                       Jann C. Washington (0087239)
                                       Of Counsel, Shamberg & Associates
                                       5001 Mayfield Rd. Ste. 111
                                       Lyndhurst, OH 44124
                                       (216) 391-7111 F: (216) 391-8115
                                       JannWashingtonEsq@gmail.com
                                       Attorney for Debtors